UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | |
|---|---|
| DOUGLAS ROBERTS, *Pro Se*, | Case No.: 1:18 CV 2228 |
| Petitioner | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| WARDEN LYNEAL WAINWRIGHT, | |
| Respondent | MEMORANDUM OPINION AND ORDER |

Before the court is *Pro Se* Petitioner Douglas Roberts' ("Petitioner" or "Roberts") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) For the reasons that follow, the Petition is hereby denied.

## I. BACKGROUND

Roberts states in the Petition that he pleaded guilty and was sentenced in the Cuyahoga County Court of Common Pleas for burglary, theft, grand theft, and escape in August 2014. He filed a direct appeal, claiming that the trial court did not satisfy the requirements of Ohio Revised Code § 2929.14(C)(4) when imposing consecutive sentences and denied him the right of allocution. *State v. Jenkins (a.k.a. Douglas Roberts)*, No. 101899, 2015 WL 4133152, at *1 (Ohio Ct. App. July 9, 2015).

Ohio's Eighth District Court of Appeals sustained Roberts' appeal regarding the trial court's compliance with § 2929.14(C)(4), vacated Roberts' sentence, and remanded the case to the trial court for resentencing. *Id*. at *2. With respect to Roberts' claim that he was denied the right to allocution, the court of appeals denied that assignment of error, but noted that in any event, Roberts would have an opportunity to address the trial court when he was resentenced. *Id*. at *3.

On remand, the trial court imposed consecutive sentences. Roberts appealed, arguing among other assignments of error, that the record did not support the trial court's Ohio Revised Code § 2929.14(C)(4) finding that consecutive service of his multiple sentences was proportionate to the seriousness of his conduct and danger posed to the public. The Ohio Eighth District Court of Appeals found that, on remand, the trial court complied with the requirements of Ohio Revised Code § 2929.14(C)(4) and that the record supported the sentence imposed, but remanded the case again for the limited purpose of issuing a nun pro tunc entry to correct a typographical error in the final sentencing entry. *State v. Roberts*, 101 N.E.3d 1067, 1072-75 (Ohio Ct. App. 2017). With respect to Roberts' remaining assignments of error, the appellate court denied them as barred by res judicata. *Id*. at 1070-71. The Ohio Supreme Court declined Roberts' motion for a delayed appeal. *State v. Roberts*, 97 N.E.3d 499 (Table) (Ohio 2018).

## II. DISCUSSION

### A. Standard of Review

Federal district courts are required to undertake a preliminary review of habeas corpus petitions to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 of the Rules Governing Habeas Corpus under Section 2254; *see also* 28 U.S.C. § 2243. If the district court determines that a petitioner is plainly

not entitled to relief, the petition must be summarily dismissed. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (Under § 2243, the district court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."). Like all *pro se* pleadings, *pro se* habeas petitions are entitled to liberal construction. *Franklin v. Rose*, 756 F.2d 82, 85 (6th Cir. 1985) (citation omitted).

**B. Analysis**

Roberts raises two grounds for relief. In the first, Roberts claims that he was denied his right to allocution. (ECF No. 1 at 5.) For the second, he claims that the trial court did not take into account the "necessary factors" in Ohio Revised Code § 2929.14(C)(4) when imposing consecutive sentences. (*Id*. at 7.)

It is evident from the face of the petition that Roberts is not entitled to habeas relief under 28 U.S.C. § 2254. As an initial matter, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition must "specify all of the ground for relief available to the petitioner" and set forth "supporting each of the grounds thus specified." *Flood v. Phillips*, 90 F. App'x 108, 113 (6th Cir. 2004) (citation omitted). This pleading rule is "more demanding" than the pleading requirements of Fed. R. Civ. P. 8(a). *Mayle v. Feliz*, 545 U.S. 644, 655-56 (2005) ("A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"). Notice pleading is insufficient in the habeas context and the petitioner must state facts that point to the real possibility of a constitutional error. *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (citing Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases).

Roberts does not identify the constitutional basis for either ground for relief, or offer any facts in support thereof. Nor does Petitioner state the relief requested, and the Petition is unsigned. Roberts fails to satisfy the pleading requirements of Rule 2(c), and the Petition is subject to dismissal for this reason, alone. *See id*. at 76.

Assuming for the purpose of this analysis that the habeas pleading standard is satisfied, the Petition is denied. In order for a claim to be cognizable for federal habeas review, Roberts must be in custody in violation of the federal constitution or federal laws, not state law. *Swarthout v. Cooke*, 562 U.S. 216, 218 (2011) ("'[F]ederal habeas corpus relief does not lie for errors of state law.'") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)); 28 U.S.C. § 2254(a).

**1. Roberts first ground for relief is denied**

Roberts' first ground for relief is that he was denied the right of allocution at his sentencing, which fails to assert a cognizable claim for federal habeas relief. The Supreme Court has held that a trial court's failure to ask a defendant whether he "has anything to say before sentence is imposed" is not cognizable under a writ of habeas corpus. *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also Goff v. Bagley*, 601 F.3d 445, 464 (6th Cir. 2010) (there is no right of allocution under the federal constitution). To the extent that Roberts is asserting that he has been denied his right to allocution under Ohio law, "federal habeas corpus relief does not lie for errors of state law." *Thomas v. Stephenson*, 898 F.3d 693, 700 (6th Cir. 2018) (citation omitted).

Roberts' first ground for relief fails to state a cognizable § 2254 claim and is denied.

**2**. **Roberts second ground for relief is denied**

Roberts next claims that the trial court did not take into account "the necessary factors" of Ohio Revised Code § 2929.14(C)(4) when imposing consecutive sentences. Petitioner is silent as

-4-

to the constitutional nature, if any, of his second ground for relief. Nor does he offer any facts in support thereof from which this court may "actively" interpret the Petition to construe a constitutional basis that provides authority upon which this federal habeas court may act. *See Franklin*, 765 F.3d 85 ("The appropriate liberal construction requires active interpretation in some cases to construe a *pro se* petition 'to encompass any allegation stating federal relief.'") (internal quotation marks and citation omitted). While the court is required to liberally and actively construe the Petition, the court is not required to construct claims on Petitioner's behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted).

On the face of the Petition, Roberts' claim regarding the trial court's compliance with Ohio Revised Code § 2929.14(C)(4) fails to assert a cognizable habeas claim. *See Reed v. Jenkins*, No. 16-4687, 2017 WL 6210790, at *3 (6th Cir. June 21, 2017) (denying petitioner's request for a certificate of appealability finding, among other reasons, that "to the extent that [Petitioner] argues his sentence violated [Ohio Rev. Code § 2929.14(C)(4)], reasonable jurists could not disagree with the district court's conclusion that this claim was not cognizable on federal habeas review.") (citations omitted). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 63 (citing *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990)). "[A] challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action." *Rettig v. Jefferys*, 557 F. Supp. 2d 830, 838 (N.D. Ohio 2008) (collecting cases).

Roberts' second ground for relief fails to state a cognizable § 2254 claim and is denied.

### III.  CONCLUSION

For all of the foregoing reasons, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254  (ECF No. 1) is denied and dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2243.

Petitioner's Motion to Proceed In Forma Pauperis (ECF Nos. 2 and 4) are granted.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253, Fed. R. App. P. 22(b).

IT IS SO ORDERED.

*/s/SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

June 3, 2019